IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH MAYNIE, JR., <br><br> **Petitioner,** <br><br> v. <br><br> ERIC WILLIAMS, <br><br> **Respondent.** | Case No. 3:21-CV-733-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Keith Maynie, Jr. (Doc. 1). Maynie, a former inmate at the Federal Correctional Institution at Greenville, located within the Southern District of Illinois, argues that his sentence should be reduced in light of *Mathis v. United States*, 579 U.S. 500 (2016).[1] For the following reasons, the petition is denied.

### BACKGROUND

On August 12, 1998, a grand jury in the Southern District of Iowa returned a one-count indictment charging Maynie with conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Maynie*, Case No. 3:98-cr-00160-SMR-3 (S.D. Iowa), Doc. 7. The indictment did not allege a drug quantity or the statutory penalty provision under which it was proceeding. *Id.* A superseding

---

[1] Maynie has since been transferred to a Residential Reentry Center in Chicago, with a release date of December 1, 2023. *See* https://www.bop.gov/inmateloc/ (last visited June 28, 2023). Maynie's transfer does not strip this Court of jurisdiction, however, since jurisdiction over a habeas corpus petition is determined when the petition is filed. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004) (prisoner transferred while § 2241 is pending need not refile in new district).

indictment also failed to contain these allegations. *Id.* at Doc. 80.

The Government subsequently filed an information and notice of prior conviction pursuant to 21 U.S.C. § 851 notifying the district court that Maynie had two prior felony drug offenses and, therefore, was subject to enhanced penalties. *Id.* at Doc. 37. The prior convictions consisted of a 1994 Illinois conviction for unauthorized possession of controlled substances and a 1996 Wisconsin conviction for possession with intent to deliver cocaine. *Id.* As a result of these two prior felony drug offenses, Maynie was subject to the provisions of § 841(b)(1)(A), which called for mandatory life in prison without the possibility of parole.

On July 7, 1999, a jury found Maynie guilty of conspiracy to distribute and possess with the intent to distribute cocaine base. *Id.* at Docs. 129, 132. In its presentence investigation report, U.S. Probation determined that Maynie's relevant conduct was 5.14 kilograms of cocaine base. *Id.* at Doc. 208. Based on Maynie's criminal history level of V and his adjusted offense level of 43, Maynie's sentencing guideline range was life imprisonment. *Id.*

In December 1999, the court sentenced Maynie to life in prison with a term of supervised release of 10 years. *Id.* at Docs. 185, 187. Maynie filed a direct appeal. *Id.* at Doc. 228. The Eighth Circuit Court of Appeals upheld Maynie's conviction but held that, after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Maynie's sentence must be vacated because the drug quantity was not submitted to a jury and found beyond a reasonable doubt. *United States v. Maynie*, 257 F.3d 908, 919 (8th Cir. 2001). As a result, Maynie could only be sentenced as if he had been charged under 21 U.S.C. § 841(b)(1)(C) which, with his two prior convictions, resulted in a statutory maximum sentence of 360 months. *Id.*

In a footnote, the Eighth Circuit noted Maynie's challenge to the two convictions relied upon by the district court to enhance his sentence to life under § 841(b)(1)(A) because they

were not "felony drug offense[s]" within the meaning of the statute. *Id.* at n.5. The Eighth Circuit found that, despite Maynie's argument, the district court correctly found that his Wisconsin conviction for possession of a controlled substance constitutes a "felony drug offense." *Id.* at n.5 (citing 21 U.S.C. § 802(44) (Supp. IV 1998) ("The term 'felony drug offense' means an offense punishable by imprisonment for more than one year . . . .") and *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) (rejecting argument that additional element beyond mere possession of drugs is necessary to meet the definition of a "felony drug offense"), *cert. denied*, 525 U.S. 1086 (1999)).

The case was remanded to the district court, and Maynie was resentenced to 360 months' imprisonment and 10 years' supervised release. *Id.* at Docs. 260, 263; *United States v. Logan*, 257 F.3d 908, 921 (8th Cir. 2001), *cert. denied*, 534 U.S. 1151 (2002). Maynie appealed again, but this time his sentence was affirmed. *Id.* at Doc. 282; *United States v. Logan*, 333 F.3d 876, 877 (8th Cir. 2003).

On July 13, 2004, Maynie filed a petition for writ of habeas corpus pursuant to § 2241 in the Southern District of Indiana, where he was incarcerated at that time. *Maynie v. Olson*, Case No. 04-cv-184-LJM-WTL (S.D. Ind.), at Doc. 1. Maynie made arguments related to errors allegedly committed with regard to his newly imposed 360-month sentence. *Id.* The district court dismissed the petition as to any alleged sentencing errors because those arguments must be raised, if at all, in an action pursuant to 28 U.S.C. § 2255. *Id.* at Doc. 5.

In January 2009, Maynie filed a "motion seeking clarification of sentence," in which he asked the district court to enter an order clarifying why "the maximum sentence was imposed when Petitioner was never put on notice, charge, indicted, nor duly convicted by a jury of all the elements that would warrant a mandatory 30 year sentence." Maynie further

claimed his sentence was "null and void," and that he was entitled to relief pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). Because Maynie was challenging his conviction and/or sentence, the court found his motion should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Maynie v. United States*, 4:09-cv-49-CRW (S.D. Iowa), at Doc. 2. The district court then found that Maynie's § 2255 petition was filed well beyond § 2255's one-year statute of limitations. *Id.* Thus, his petition was denied. *Id.*

Since then, Maynie has continued to seek a reduction of sentence, filing a plethora of pleadings in the Southern District of Iowa. Of note, in 2019, Maynie filed a motion for reduction of sentence under the First Step Act of 2018. *United States v. Maynie*, Case No. 3:98-cr-00160-SMR-3 (S.D. Iowa), Doc. 423. The motion was denied, but the court did reduce his term of supervised release from 10 years to six years. *Id.* at Doc. 425.

In his current § 2241 petition, Maynie argues his two prior felony drug offenses, which were used to enhance his sentence, are no longer valid predicate offenses under Supreme Court and Seventh Circuit case law. Specifically, Maynie relies on *Mathis v. United States*, 579 U.S. 500 (2016), which clarified when and how the categorical approach should be applied to determine whether prior convictions qualify to support sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *Mathis* led to cases such as *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), which clarify when and how the categorial approach should be applied to enhance sentences in other circumstances. Maynie relies on these cases to argue that his 1994 Illinois conviction for unlawful possession of cocaine and his 1996 Wisconsin conviction for possession with intent to deliver cocaine are no longer "felony drug offenses" for purposes of a § 851 sentence enhancement.

The Government filed a response in opposition, arguing that Maynie could and should have challenged the sentencing enhancement at his original sentencing and his resentencing, during both of his appeals,[2] and in a motion under § 2255. (Doc. 14). Because he did not do so, the Government argues, he cannot now raise it under § 2241. (*Id.*). It also argues that Maynie is actually relying on circuit-level decisions, not a new Supreme Court decision of statutory interpretation and, thus, cannot bring his claim under the saving clause of § 2255(e). (*Id.*).

In reply, Maynie argues that he was previously foreclosed by Eighth Circuit precedent from raising his claim and that he has met the requirements laid out in *In re Davenport* to file his § 2241 under the saving clause of § 2255(e). (Doc. 15).

## DISCUSSION

Generally, an inmate must bring a collateral challenge to his sentence in a § 2255 motion in the district of his conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). "Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, No. 21-857, 2023 WL 4110233, at *3 (U.S. June 22, 2023).

Congress's purpose in creating § 2255 was to solve an administrative problem. *Id.* at *6. At the time, federal prisoners were concentrated "in a handful of judicial districts, which forced those District Courts to process 'an inordinate number of habeas corpus actions.'" *Id.*

---

[2] As noted above, Maynie attempt to challenge the application of his prior "felony drug offenses."

(quoting *United States v. Hayman*, 342 U.S. 205, 213-14 (1952)). The fact that a prisoner's "district of confinement was often far removed from the records of the sentencing court and other sources of needed evidence" compounded the problem. *Id.*

"Section 2255 solved these problems by rerouting federal prisoners' collateral attacks on their sentences to the courts that had sentenced them." *Id.* With the creation of § 2255, Congress barred federal inmates from challenging the validity of their conviction or sentence under § 2241. *Id.* Instead, § 2241 applies only to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) "But, in a provision that has come to be known as the saving clause, Congress preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" *Jones*, No. 21-857, 2023 WL 4110233, at *3. (quoting § 2255(e)).

In *Jones*, the Supreme Court explained that, traditionally, the § 2255 remedy was inadequate or ineffective when it was "impossible or impracticable for a prisoner to seek relief from the sentencing court." For example, the remedy might be inadequate if the sentencing court no longer existed or if it were nearly impossible for the prisoner to be present at the hearing. *Id.*

Several Courts of Appeals began to expand the definition of "inadequate or ineffective," however, after the adoption of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996. *Id.* AEDPA restricted a prisoner's ability to bring a second or successive § 2255 unless the motion contained newly discovered evidence or a new rule of constitutional law. *Id.* It also created a one-year statute of limitations for prisoners to bring a motion under § 2255. *Id.*; § 2255(f). These Courts of Appeals established a workaround for prisoners who would benefit from new cases of statutory interpretation, but who had already

filed a § 2255 and thus were precluded by AEDPA from filing a second § 2255 motion. *Id.*

Indeed, the Seventh Circuit held in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), that the saving clause in § 2255 would permit a federal prisoner to file a petition under § 2241 "if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Davenport*, 147 F.3d at 611. The Seventh Circuit later "distilled that holding into a three-part test." *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). A prisoner collaterally attacking his sentence could bring a habeas petition under § 2241 if he could show (1) that he was relying on a statutory interpretation case, meaning he could not have raised it in a second or successive § 2255; (2) that the new rule applied retroactively to cases on collateral review and could not have been invoked in the earlier proceeding; and (3) that the error was grave enough to be deemed a miscarriage of justice. *Id.* (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

Recently, the Seventh Circuit extended *Davenport* to prisoners like Maynie who did not file an initial § 2255 motion,[3] but whose claim based on a new statutory interpretation case is time-barred by § 2255(f). *Franklin*, 30 F.4th at 644. In *Franklin*, the Court of Appeals held that "the effect of § 2241(f)'s time bar makes § 2255 'inadequate or ineffective' in essentially the same manner as in *Davenport*." *Id.* at 645. The Court of Appeals explained:

---

[3] Although Maynie filed a motion in the Southern District of Iowa that the court construed as a § 2255, the court did not give Maynie any warning of its intent to do so. Thus, this Court cannot consider the filing as a § 2255 for the purposes of AEDPA's prohibition against second or successive motions. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion, [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.").

"At its core, the saving clause as construed in *Davenport* permits a prisoner to use § 2241 where a structural feature of § 2255 deprived him of any opportunity to correct a fundamental defect in his conviction or sentence. A prisoner is denied that opportunity when through no fault of his own, he cannot present the proper interpretation of the statute underlying his conviction or sentence in a § 2255 motion—first because circuit precedent was 'firmly against him' and then because the statute blocks him from presenting the new statutory argument." *Id.* In holding that *Davenport* applies to prisoners who have not previously filed a § 2255 motion, the Court concluded that "[a] prisoner need not file a futile § 2255 motion and 'clog the judicial pipes' merely to preserve the possibility of invoking new statutory rules in the future under the *Davenport* doctrine." *Id.*

Here, Maynie argues that he meets the *Davenport* requirements because *Mathis* is a statutory interpretation case, he had no reasonable opportunity to raise his claim prior to *Mathis* because Eighth Circuit precedent was squarely against him—and thus a timely § 2255 petition would have been futile—and the error is grave enough to be deemed a miscarriage of justice. The Court disagrees. Not only could Maynie have raised his argument regarding his prior drug offenses in a § 2255 in the sentencing court, but his claim, which is based on an intervening decision of statutory construction, is now foreclosed by recent Supreme Court precedent.

I. **Maynie Could Have Raised His Argument in a § 2255 Motion**

Maynie cannot show that a motion via § 2255 was inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e). That is because Eighth Circuit law was not squarely against him at the time his judgment was entered. *See Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019).

Maynie argues that his prior offenses under Illinois and Wisconsin law do not qualify as "felony drug offenses" for purposes of enhancing his sentence under 21 U.S.C. § 841(b)(1)(C) because those state laws are categorically broader than the federal statute. However, the categorical approach to federal recidivism statutes has been in effect since 1990. *See Taylor v. United States*, 495 U.S. 575 (1990). Under the *Taylor* "categorical approach," courts ignore the particular facts of the prior offense and "focus solely on whether the elements of the crime of conviction sufficiently match the elements of the [federal statute]." *Mathis*, 136 S. Ct. at 2248. "When a statute is 'divisible'—that is, when the statute 'sets out one or more elements of the offense in the alternative'—a modified approach allows courts to look beyond the face of the statute and consult additional documents to specify elements under which the defendant was actually convicted." *Stewart v. United States*, 552 F. Supp. 3d 834, 840 (S.D. Iowa 2021), *aff'd*, No. 21-2791, 2022 WL 3135296 (8th Cir. Aug. 5, 2022), *cert. denied*, 215 L. Ed. 2d 78, 143 S. Ct. 830 (2023) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). "But where a statute merely sets forth various means by which a statute may be violated, as opposed to different elements, the categorical approach applies." *Id.*

Prior to Maynie's sentencing and resentencing, neither the Supreme Court nor the Eighth Circuit had addressed whether *Taylor*'s categorical approach applied to the definition of "felony drug offense" under § 841(b). *Id.* at 842. *Gamboa v. Daniels*, 26 F.4th 410, 418 (7th Cir. 2022) (holding that Eighth Circuit law did not prevent a defendant whose sentence was enhanced under § 851 from making an argument that an alternatively phrased statute could be indivisible under the categorical approach at the time of his initial § 2255). Thus, the law was not squarely against Maynie, and it would not have been futile for him to raise his arguments in a § 2255 motion. *Gamboa*, 26 F.4th at 419. Because Maynie could have raised his

argument in a § 2255 petition, he cannot now seek relief under § 2241 by way of the saving clause.

## II. A More Favorable Interpretation of Statutory Law No Longer Renders the § 2255 Remedy Inadequate or Ineffective

Even if Maynie could show that it was futile to raise his argument in a timely § 2255 under existing Eighth Circuit law at the time judgment was entered in his case, the saving clause of § 2255(e) can longer be used by prisoners seeking to challenge the imposition of their sentence based on new cases of statutory interpretation.

In *Jones v. Hendrix*, the Supreme Court abrogated *Davenport* and similar saving clause tests from other circuits, holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 599 U.S. ----, 2023 WL 4110233, at *5.

In *Jones*, the Supreme Court discussed the requirements for bringing a successive petition under § 2255(h): (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 599 U.S. ----, 2023 WL 4110233, at *7. Because § 2255(h) references only these two conditions, the Court reasoned that Congress did not intend to authorize successive collateral attacks based more favorable interpretations of *statutory* law. *Id.*

The Supreme Court explained that any other reading of § 2255(h) would render AEDPA self-defeating. *Id.* at *8. Not only would prisoners be allowed to bring non-constitutional claims despite § 2255(h)'s limitations, by filing under § 2241 they would escape AEDPA's other procedural restrictions, such as the one-year statute of limitations in § 2255(f) and the requirement that a prisoner obtain a certificate of appealability before appealing an

adverse decision. *Id.* Putting it simply, the Supreme Court stated that the inability of a prisoner to meet the requirements in § 2255(h) for bringing a second or successive petition, *i.e.*, newly discovered evidence or a new rule of constitutional law, "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.*

Although *Jones* does not speak directly to prisoners who never filed a § 2255 petition in the first instance, the Court finds that it bars Maynie's claim that he is entitled to relief as a result of *Mathis* and its progeny. Maynie relies on the *Davenport* factors to show that he can bring his § 2241 petition under the saving clause, and *Davenport* is no longer a valid test. The appropriate vehicle for Maynie to collaterally attack his sentence was via a § 2255 petition within the time frame set by § 2255(f). He failed to do so.

## CONCLUSION

For these reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Keith Maynie, Jr. (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly. A copy of the Order and Judgment shall be mailed to:

> Keith Maynie, Jr.
> #05367-089
> RRM - Chicago
> 825 N. Christina Avenue
> Chicago, IL 60651

**IT IS SO ORDERED.**

DATED:  June 29, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**